UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-81304-RAR

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,
v.

**JAMES ALEX IRVIN**,

    Defendant.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court on Plaintiff's Unopposed Motion for Entry of Judgment [ECF No. 3] ("Motion") filed on September 24, 2019. For the reasons set forth in the Order Granting the Motion [ECF No. 4] entered separately on September 25, 2019, it is hereby

**ORDERED AND ADJUDGED** that the Consent Final Judgment is hereby **ENTERED** in favor of Plaintiff, and against Defendant, as follows.

    1.    *Permanent Injunctive Relief*: Defendant and any of (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a) who receive notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud and/or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, by:

  i. buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or

  ii. communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security.

2. Defendant is **LIABLE** for disgorgement of $227,795, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint [ECF No. 1], together with prejudgment interest thereon in the amount of $34,494, and a civil penalty in the amount of $252,270 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant shall satisfy this obligation by paying $514,559 to the Securities and Exchange Commission **within 30 days** after entry of this Final Judgment. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

  Enterprise Services Center
  Accounts Receivable Branch
  6500 South MacArthur Boulevard
  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "James Alex Irvin" as the Defendant in this action; and specifying that payment is

made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.

> Jordan A. Cortez, Esq.
> U.S. Securities and Exchange Commission
> Division of Enforcement
> 801 Brickell Avenue, Suite 1800
> Miami, Florida 33131

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. section 1961.

3. Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

4. Defendant's Consent [ECF No. 3-2] filed in conjunction with the Motion is **INCORPORATED** herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

5. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523], the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other

amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for Defendant's violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

6. The Court shall **RETAIN** jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment

7. The Clerk shall mark this case as **CLOSED**.

8. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 25th day of September, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**